[No. 19317.   Department Two.   July 29, 1925.]

G. E. SANDERSON, *as Administrator etc., et al., Appellants*, v. FRANK PETRAK *et al., Respondents*.[2]

Appeal from a judgment of the superior court for Grant county, Truax, J., entered April 27, 1923, dismissing an action to set aside conveyances on the ground of fraud and want of capacity, after a trial to the court. Affirmed.

*N. W. Washington* and *A. E. Jonson*, for appellants.

*Daniel T. Cross*, for respondents.

MITCHELL, J.—Anton Petrak married twice. His first marriage occurred in Minnesota. By that marriage two children were born, viz.: Frank, who came to this state, and Rosa, now Mrs. Rosa Jaros, who lives in Minnesota. After his second marriage, he came with his family to Grant county, in this state, where he lived nearly twenty years and until shortly before his death, which occurred at the home of his son Frank in Ferry county. He had nine children by his second wife. She divorced him not a great while before he left Grant county. It appears that, in the division of the property by the divorce decree, he was given certain real property, the subject of this controversy, situated in Grant county, and certain personal property consisting of a threshing machine, household furniture,

[1]Reported in 237 Pac. 1119.
[2]Reported in 237 Pac. 1118.

blacksmith tools, three horses, machinery, $100 liberty bond and some money in bank, the amount of money not specified. After the divorce decree, he executed and delivered to Charles Stepon, the husband of one of his daughters by the second wife, an executory real estate contract for the sale of real property in controversy in consideration of $5,000, $500 of the amount was paid in cash and the balance was to be paid by installments as provided in the contract. Stepon was put in possession of the property.

Shortly after making the contract and before leaving Grant county, Anton Petrak conveyed the real property and also assigned all of his rights under the contract with his son-in-law to his son Frank and his daughter Mrs. Rosa Jaros jointly. It appears that, at the time of this transaction, there was an understanding between him and Frank that Frank would furnish him a home and take care of him the remainder of his life. Upon his death, G. E. Sanderson was appointed administrator of his estate in Grant county. As such administrator he brought this action to cancel the deed and assignment of contract that he had made to Frank Petrak and Mrs. Rosa Jaros. The nine children of Anton came into the action as parties plaintiff. It was alleged that, because of his age and mental condition, Anton Petrak was mentally incompetent to make the conveyance and assignment, and that Frank fraudulently, unlawfully and unduly influenced him to execute and deliver the instruments. These allegations were denied by the answer of the defendants. Upon the trial of the action it was decided in favor of the defendants. The plaintiffs have appealed.

As the case now appears, there is nothing involved in it but questions of fact. It must be decided upon its individual merit, of course. We have carefully examined the evidence. A review of it would serve no useful purpose, nor would any detailed discussion of less than nearly all of it intelligently and fairly present the issues. We are satisfied that it amply shows that, at the date of the instruments sought to be cancelled, Anton Petrak was competent to transact such business and that the instruments were executed and delivered by him of his own free will.

Affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.